# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| CAMERON MOSER, on behalf of himself and others similarly situated, | :<br>: Case No.<br>: |
| Plaintiff, | : **COMPLAINT – CLASS ACTION**<br>: |
| v. | :<br>: |
| MACLEAN FINANCIAL LTD. | :<br>: |
| Defendant. | :<br>: |

Plaintiff Cameron Moser brings this Class Action Complaint and Demand for Jury Trial against Maclean Financial Ltd. ("Maclean Financial") to stop Maclean Financial from violating the Florida Telephone Solicitation Act ("FTSA") and Telephone Consumer Protection Act ("TCPA") by making telemarketing calls without consent to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). The Plaintiff also alleges that Defendant violated the FTSA by making automated calls. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters

## PARTIES

1. Plaintiff Cameron Moser is a resident of Florida.

2. Defendant Maclean Financial Ltd. is a corporation organized under the laws of Delaware and has its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

3. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this matter arises under the TCPA, a federal statute. The Court also has supplemental jurisdiction

pursuant to 28 U.S.C. § 1367(a) because the FTSA claim relates to the same telemarketing campaign as the TCPA claim.

4. The venue is proper under 28 U.S.C. § 1391(b) because Defendant resides in Texas and because Defendant directed the calls at issue from this District.

## BACKGROUND

<u>The Florida Telephone Solicitations Act</u>

5. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

6. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." This includes to a number listed on the National Do Not Call Registry. Fla. Stat. § 501.059(4)

7. It is also a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

8. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

9. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13. Maclean Financial provides automobile financing.

14. Maclean Financial uses telemarketing to promote its products and solicit new clients.

15. The Plaintiff is an individual who was in Florida at the time of the calls.

16. The Plaintiff's telephone number, (813) 833-XXXX has been on the National Do Not Call Registry since July of 2005.

17. The Plaintiff's telephone number is a residential number.

18. The Plaintiff's telephone number is used for personal purposes and is not associated with a business.

19. Despite that, the Plaintiff still received at least three telemarketing calls promoting Maclean Financial's services.

20. There were at least three calls on October 17, 2023.

21. All of the calls came from (813) 212-1277.

22. Other individuals have complained about receiving robocalls from that number. *See* https://lookup.robokiller.com/p/813-212-1277 (Last Visited November 6, 2023).

23. Indeed, the Plaintiff believes he may have received a pre-recorded message on the voicemail he received.

24. The Plaintiff rejected the first call.

25. The Plaintiff received the following voicemail for the second call:

"…a moment, so I was seeing if you have any purchases coming up that I could provide a quote on finance on. Please feel free to give me a call back to discuss further."

26. The Plaintiff was not interested, so he did not call back.

27. The Plaintiff answered the third call and spoke with a live individual.

28. That individual solicited the Plaintiff for a financing quote.

29. To make the financing offer clear, the Defendant sent the Plaintiff an e-mail with a quote, which is below:

From: **Maclean Financial Quotes** <macleanfinancialquotes@maclean-financial.com>
Date: Mon, Oct 16, 2023 at 10:24 PM
Subject: Maclean Financial Quote
To: camoser86@gmail.com <camoser86@gmail.com>

Hi Cameron,

As discussed here is our finance quote based on a **New Truck** purchase in the region of **$50000**.

Please see our finance quotation below:

| Asset: | New Truck |
|---|---|
| Financed Amount: | $50000 |
| Term: | 2 years @ $2204.80 - $2287.97 per month |

**Please Note:** *To protect the integrity of our pricing, I kindly request you keep this quote in commercial confidence.*

We will give you a call within the next couple of days to see if you are happy with the quotation and discuss options moving forward.

**Maclean Financial**
*Finance Quote*
Maclean Financial Pty Ltd
**A**: Downtown Ross Ave 2001, Dallas, Texas 75201
**W**: www.maclean-financial.com

30. The calls were sent with an automated system for the selection and dialing of telephone numbers as the Plaintiff answered one of the calls and there was a pause and audible click prior to anyone appearing on the line.

31. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

32. Furthermore, the calls were sent with an automated system for the selection or dialing of telephone numbers because the calls used a spoofed and local Caller ID, which was clearly designed for *en masse* calling.

33. The Plaintiff, through counsel, wrote a letter to the Defendant.

34. The Defendant did not deny the calling conduct.

35. The calls were not necessitated by an emergency.

36. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), the Plaintiff brings this action on behalf of the following putative classes (the "Classes"):

> **Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S. (1) who received a telephonic sales call regarding Maclean Financial's goods and/or services (2) from Defendant or any third party retained on its behalf (3) from or into Florida (4) using the same equipment or type of equipment utilized to call Plaintiff (5) from July 1, 2021 through the date of trial.
>
> **Florida Telephone Solicitation Act Do Not Call Registry Class:** All persons in the U.S. (1) who received a telephonic sales call regarding Maclean Financial's goods and/or services (2) from Defendant or any third party retained on its behalf (3) to a number listed on Florida's "no sales solicitation calls" list (4) from July 1, 2021 through the date of trial.
>
> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the U.S. (1) whose telephone numbers were on the National Do Not Call Registry for at least 31 days (2) but who received more than one call made for a similar purpose as the calls to plaintiff (3) from Defendant or any third party retained on its behalf for Maclean Financial (4) within a 12-month period (5) from the four years prior to the filing of the complaint through the date of trial.

38. Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

39. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

6

### Numerosity

40. Members of the Class are so numerous that their individual joinder is impracticable.

41. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

42. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

43. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

44. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

45. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act and/or the Florida Telephone Solicitation Act, and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

46. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

47. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent

counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

48. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

49. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

50. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

51. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

52. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

53. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

54. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

55. Plaintiff repeats and incorporates the allegations set forth as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

57. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

58. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

59. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

60. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent on behalf of Maclean Financial.

61. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers on behalf of Maclean Financial.

62. As a result of Defendant' conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation**
**Act National Do Not Call Registry Class**

63.     Plaintiff repeats and incorporates the allegations set forth as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act National Do Not Call Registry Class Members against Defendant.

65.     It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

66.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

67.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

68.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class Members without Plaintiff's and the Class Members' prior express written consent even though the Class Members were on the National Do Not Call Registry on behalf of Maclean Financial.

69.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class Members were harmed and are each entitled to a minimum of $500.00 in

damages for each violation. Plaintiff and the Class Members are also entitled to an injunction against future calls. *Id.*

## COUNT III
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

70. Plaintiff repeats and incorporates the allegations set forth as if fully set forth herein.

71. The foregoing acts and omissions of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class Members despite their numbers being on the National Do Not Call Registry. Here, Defendant engaged in calling conduct on behalf of Maclean Financial.

72. The Defendant's violations were negligent, willful, or knowing.

73. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and Members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from using an autodialer to advertise its goods or services;

      B.      A judgment awarding Plaintiff and all Class Members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

      C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

      D.      Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 7th day of November, 2023.

                          PLAINTIFF, on behalf of himself
                          and others similarly situated,


                          */s/ Anthony Paronich*
                          Anthony Paronich
                          Email: anthony@paronichlaw.com
                          PARONICH LAW, P.C.
                          350 Lincoln Street, Suite 2400
                          Hingham, MA 02043
                          Telephone: (617) 485-0018
                          Facsimile: (508) 318-8100

                          Katherine Hendler Fayne*
                          State Bar No. 24036752
                          katherine@katherinefaynelaw.com
                          KATHERINE FAYNE LAW PLLC
                          6301 Gaston Avenue, Suite 1128
                          Dallas, TX 75214
                          Telephone: (214) 770-1322
                          *Local counsel

                          *Attorneys for Plaintiff*